IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UVALDO LEON on behalf of himself, and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiff <br><br> v. <br><br> JESSICA'S BAKERY NO. 2, INC., AND RODOLFO RODRIGUEZ, INDIVIDUALLY, <br><br> Defendants | No. 16 cv <br><br> Honorable Judge <br><br> Magistrate Judge <br><br> *JURY DEMAND* |

COMPLAINT

NOW COMES Plaintiff, UVALDO LEON, on behalf of himself and all other Plaintiffs similarly situated, by and through his attorneys, JOHN W. BILLHORN, and for his Complaint against Defendants, JESSICA'S BAKERY NOC. 2, INC., AND RODOLFO RODRIGUEZ, INDIVIDUALLY, states as follows:

I. NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*

II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

III. **THE PARTIES**

3. Defendant, **JESSICA'S BAKERY NO. 2 INC.,** provides bakery good services in the Chicagoland area. As such, Defendant's services qualify as an enterprise engaged in commerce as defined by the FLSA. During all relevant times Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. Defendant, **RODOLFO RODRIGUEZ, INDIVIDUALLY,** is the owner of Jessica's Bakery No 2., Inc., (with one or more other locations throughout Chicagoland), and at all times relevant hereto were acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

5. Plaintiff, **UVALDO LEON,** is a past employee who performed work for Defendants as a laborer and baker (hereinafter referred to as "the named Plaintiff"). All other unnamed Plaintiffs known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants as described above. As employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

6. The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein.

7. The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendants and are common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

### IV. STATUTORY VIOLATIONS

#### Collective Action Under The Fair Labor Standards Act

8. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

#### Illinois Minimum Wage Law

9. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV.

### V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

10. Plaintiff at all times pertinent to the cause of action was employed by Defendants, said employment being integral and indispensable to Defendants' business.

11. Defendants initially employed Plaintiff as a laborer to work cleaning up after the bakers, ringing up sales of customers, and later as a baker. Therefore the job duties of Plaintiff qualify Plaintiff as an employee under the provisions of the FLSA and the pendent state statues.

12. Plaintiff and members of the Plaintiff class were paid 'in cash' for their work hours at an hourly rate of pay less than both the state and federal minimum wage.

13. In addition, Plaintiffs and members of the Plaintiff class worked over 40 hours per work week on a regular basis, but were denied time and half their regular rate of pay for those hours over 40 per work week, pursuant to the requirements of the federal and state statutes herein relied upon.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-13. Paragraphs 1 through 13 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 13 of this Count I.

14. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

15. Defendants have at all times relevant hereto failed and refused to pay compensation to their employees, including the named Plaintiff herein, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiff, on behalf of himself, and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) awarding Plaintiff reasonable attorney's fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-15. Paragraphs 1 through 15 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 15 of Count II.

16. Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes.

17. Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at or above the statutory minimum wage rates provided by law as well as at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) awarding Plaintiff reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) for such additional relief the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

1-17. Paragraphs 1 through 17 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 17 of Count III.

18. In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds.

19. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff reasonable attorney's fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

## SUPPLEMENTAL STATE LAW CLAIM
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-19. Paragraphs 1 through 19 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 19 of this Count IV.

20. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

21. During a portion or all of the relevant time at issue herein, the Illinois Minimum Wage Law provided that an employer who fails to pay the required amount of wages due

an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for punitive damages in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

22. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 05/11/2016*

/s/ John W. Billhorn

_____

John William Billhorn


BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 840
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiff, and all other Plaintiffs similarly situated, known or unknown.